UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CLEMENTE MOREJON ESCANDELL and )
all others similarly situated under 29 U.S.C. )
216(b), )
 )
        Plaintiffs, )
vs. )
 )
NORTHSIDE IMPORTS, INC., )
UNIVERSAL IMPORTS PARTS INC., )
EUGENE VELASCO, )
THOMAS SENDROS, )
 )
        Defendants. )
_____)

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiff, CLEMENTE MOREJON ESCANDELL, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, NORTHSIDE IMPORTS, INC., UNIVERSAL IMPORTS PARTS INC., EUGENE VELASCO, and THOMAS SENDROS and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant NORTHSIDE IMPORTS, INC., is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The Defendant UNIVERSAL IMPORTS PARTS INC., is a company that regularly transacts

business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the joint FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

5. The individual Defendant EUGENE VELASCO is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' joint employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant THOMAS SENDROS is a corporate officer and/or owner and/or manager of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendants for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' joint employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendant employed several other similarly situated employees like Plaintiff who has not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional

placement).

10. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiff worked for Defendant as a delivery man from on or about January 2003 through on or about May 6, 2017.

12. Defendant NORTHSIDE IMPORTS, INC.'s business activities involve those to which the Fair Labor Standards Act applies. Both Defendant NORTHSIDE IMPORTS, INC.'s business and the Plaintiff's work for Defendant NORTHSIDE IMPORTS, INC.'s affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant NORTHSIDE IMPORTS, INC. affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant NORTHSIDE IMPORTS, INC. to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for Defendant NORTHSIDE IMPORTS, INC. was actually in and/or so closely related to the movement of commerce while he worked for Defendant NORTHSIDE IMPORTS, INC. that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant NORTHSIDE IMPORTS, INC.

13. Defendant UNIVERSAL IMPORTS PARTS INC.'s business activities involve those to which the Fair Labor Standards Act applies. Both Defendant UNIVERSAL IMPORTS

PARTS INC.'s business and the Plaintiff's work for Defendant UNIVERSAL IMPORTS PARTS INC.'s affected interstate commerce for the relevant time period. Plaintiff's work for the Defendant UNIVERSAL IMPORTS PARTS INC. affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendant UNIVERSAL IMPORTS PARTS INC. to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for Defendant UNIVERSAL IMPORTS PARTS INC. was actually in and/or so closely related to the movement of commerce while he worked for Defendant UNIVERSAL IMPORTS PARTS INC. that the Fair Labor Standards Act applies to Plaintiff's work for Defendant UNIVERSAL IMPORTS PARTS INC.

14. Additionally, Defendant NORTHSIDE IMPORTS, INC. regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant NORTHSIDE IMPORTS, INC.'s business an enterprise covered under the Fair Labor Standards Act.

15. Additionally, Defendant UNIVERSAL IMPORTS PARTS INC. regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant UNIVERSAL IMPORTS PARTS INC.'s business an enterprise covered under the Fair Labor Standards Act.

16. Upon information and belief, the Defendant Corporations had gross sales or business done in excess of $500,000 annually each and/or combined for the years 2013, 2014, 2015, and 2016.

17. Upon information and belief, the Defendant Corporations gross sales or business done is expected to exceed $500,000 for the year 2017.

18. Upon information and belief, Defendants, NORTHSIDE IMPORTS, INC. and UNIVERSAL IMPORTS PARTS INC., are joint enterprises as defined by 29 U.S.C. 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

19. Upon information and belief, Defendants, NORTHSIDE IMPORTS, INC. and UNIVERSAL IMPORTS PARTS INC., were Plaintiff's joint employer during Plaintiff's employment with the Defendant Companies as the work performed by Plaintiff simultaneously benefited all Defendant Companies who were responsible for controlling Plaintiff's hours, determining Plaintiff's pay and which were operated by the same company officers for a common business purpose.

20. Individual Defendant EUGENE VELASCO was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

21. Individual Defendant THOMAS SENDROS was Plaintiff's individual employer pursuant to 29 U.S.C. §203(d) as set forth above.

22. Between the period of on or about January 2003 through on or about November 6, 2015, Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $8.50 per hour but was never paid the extra half time rate for any hours worked over 43 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 43 in a week based on the applicable regular hourly rate.

23. Between the period of on or about November 6, 2015 through on or about May 6, 2017,

Plaintiff worked an average of 60 hours a week for Defendants and was paid an average of $10.00 per hour but was never paid the extra half time rate for any hours worked over 43 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the time-and-a-half overtime rate for each hour worked above 43 in a week based on the applicable regular hourly rate.

24. Defendants NORTHSIDE IMPORTS, INC., UNIVERSAL IMPORTS PARTS INC., EUGENE VELASCO, and THOMAS SENDROS willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants NORTHSIDE IMPORTS, INC., UNIVERSAL IMPORTS PARTS INC., EUGENE VELASCO, and THOMAS SENDROS knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' NORTHSIDE IMPORTS, INC., UNIVERSAL IMPORTS PARTS INC., EUGENE VELASCO, and THOMAS SENDROS' payroll practices were in accordance with the Fair Labor Standards Act. Defendants' NORTHSIDE IMPORTS, INC., UNIVERSAL IMPORTS PARTS INC., EUGENE VELASCO, and THOMAS SENDROS remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants NORTHSIDE IMPORTS, INC., UNIVERSAL IMPORTS PARTS INC., EUGENE VELASCO, and THOMAS SENDROS for the time period specified above.

Wherefore, the Plaintiff requests double damages and reasonable attorney fees from Defendants, NORTHSIDE IMPORTS, INC., UNIVERSAL IMPORTS PARTS INC., EUGENE VELASCO, and THOMAS SENDROS, jointly and/or severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing

from Plaintiff's entire employment period with Defendants NORTHSIDE IMPORTS, INC., UNIVERSAL IMPORTS PARTS INC., EUGENE VELASCO, and THOMAS SENDROS or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                              Respectfully Submitted,

                                              J.H. Zidell, Esq.
                                              J.H. Zidell, P.A.
                                              Attorney For Plaintiff
                                              300 71st Street, Suite 605
                                              Miami Beach, Florida 33141
                                              Tel: (305) 865-6766
                                              Fax: (305) 865-7167
                                              Email: ZABOGADO@AOL.COM

                                              By:__/s/ J.H. Zidell_____
                                                    J.H. Zidell, Esq.
                                            Florida Bar Number: 0010121