UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:17-cv-22972-RNS

CLEMENTE MOREJON ESCANDELL,
and all others similarly situated under 29 U.S.C. 216(b)

       Plaintiffs,

v.

NORTHSIDE IMPORTS, INC.,
UNIVERSAL IMPORTS PARTS, INC.
EUGENE VELASCO,
THOMAS SENDROS,

       Defendants.
_____/

**ANSWER AND AFFIRMATIVE DEFENSES TO
COMPLAINT UNDER 29 U.S.C. 201-216 OVERTIME WAGE VIOLATIONS**

   Defendants, NORTHSIDE IMPORTS, INC. ("Northside Imports"), UNIVERSAL IMPORTS PARTS, INC. ("Universal Imports"), EUGENE VELASCO ("Mr. Velasco"), and THOMAS SENDROS ("Mr. Sendros") (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, hereby serve their Answer and Affirmative Defenses to the Complaint Under 29 U.S.C. 201-216 Overtime Wage Violations (the "Complaint") filed by Plaintiff, CLEMENTE MOREJON ESCANDELL ("Mr. Escandell"). For their Answer and Affirmative Defenses to the Complaint, all allegations of which are denied unless specifically admitted, the Gibsteins state as follows:

**ANSWER**

   1.     Defendants admit that this purports to be an action arising under the Fair Labor Standards Act, but deny that Mr. Escandell (either individually or on behalf of all others similarly situated) is entitled to any of the relief requested under any theory of recovery.

2. Defendants admit the allegations set forth in Paragraph 2 of the Complaint.

3. Defendants that admit that Northside Imports regularly transacts business within Miami-Dade County. The remaining allegations in Paragraph 3 contain legal conclusions to which no response should be required. To the extent a response is required, Defendants deny those remaining allegations.

4. Defendants admit that Universal Imports regularly transacts business within Miami-Dade County. The remaining allegations in Paragraph 4 contain legal conclusions to which no response should be required. To the extent a response is required, Defendants deny those remaining allegations.

5. Defendants admit that Mr. Velasco is a corporate officer of Universal Imports. Defendants deny that Mr. Velasco is a corporate officer of Northside Imports. Defendants deny that Mr. Velasco ran the day-to-day operations of either Universal Imports or Northside Imports. Defendants deny that Mr. Velasco was responsible for paying Plaintiffs' wages or controlled Plaintiffs' work and schedule. The remaining allegations in Paragraph 5 contain legal conclusions to which no response should be required. To the extent a response is required, Defendants deny those remaining allegations.

6. Defendants admit that Mr. Sendros is a corporate officer of Universal Imports. Defendants deny that Mr. Sendros is a corporate officer of Northside Imports. Defendants deny that Mr. Sendros ran the day-to-day operations of either Universal Imports or Northside Imports. Defendants deny that Mr. Sendros was responsible for paying Plaintiffs' wages or controlled Plaintiffs' work and schedule. The remaining allegations in Paragraph 6 contain legal conclusions to which no response should be required. To the extent a response is required, Defendants deny those remaining allegations.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint as to venue only, but deny that Mr. Escandell has accrued a cause of action.

## Count I – Federal Minimum Wage Violation

8. Defendants admit that this purports to be an action arising under the laws of the United States, but deny that Mr. Escandell is entitled to any of the relief requested under any theory of recovery.

9. Defendants admit that the Court has subject matter jurisdiction, but deny that Mr. Escandell has accrued a cause of action.

10. Paragraph 10 of the Complaint merely recites 29 U.S.C. § 207(a)(1) which speaks for itself, and thus no response should be required.

11. Defendants deny that Mr. Escandell worked for Universal Imports from approximately January 2003 through on or about May 6, 2017.

12. Paragraph 12 contains legal conclusions to which no response should be required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13. Paragraph 13 contains legal conclusions to which no response should be required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

14. Paragraph 14 contains legal conclusions to which no response should be required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15. Paragraph 15 contains legal conclusions to which no response should be required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 15 of

the Complaint.

16. Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

18. Paragraph 18 contains legal conclusions to which no response should be required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19. Paragraph 19 contains legal conclusions to which no response should be required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20. Paragraph 20 contains legal conclusions to which no response should be required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21. Paragraph 21 contains legal conclusions to which no response should be required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 21 of the Complaint.

22. Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

Defendants admit that Mr. Escandell purports to seek the relief requested from the Court in the "Wherefore" Paragraph following Paragraph 24, but deny that Mr. Escandell is entitled to any relief against Defendants under any theory of recovery.

## AFFIRMATIVE DEFENSES

Defendants, by way of affirmative defenses, alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Mr. Escandell's claims are barred, in whole or in part, by the applicable statutes of limitations (29 U.S.C. § 255(a)).

## SECOND AFFIRMATIVE DEFENSE

Mr. Escandell's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, and/or payment and release. Specifically, Mr. Escandell was at all times paid for any overtime hours worked.

## THIRD AFFIRMATIVE DEFENSE

Mr. Escandell's claims are barred, in whole or in part, because Defendants were not covered employers under the FLSA.

## FOURTH AFFIRMATIVE DEFENSE

Mr. Escandell's claims are barred, in whole or in part, by 29 U.S.C. § 260 or section 448.110(6)(c)(1), Florida Statutes, because to the extent Defendants committed any of the acts or omissions complained of—which Defendants deny—such acts and omissions, if any, were done in good faith and with reasonable grounds for believing that the acts or omissions were not in violation of the FLSA.

## FIFTH AFFIRMATIVE DEFENSE

Mr. Escandell's claims are barred, in whole or in part, by 29 U.S.C. § 254 to the extent he is seeking wages for non-compensable activities.

## SIXTH AFFIRMATIVE DEFENSE

Mr. Escandell's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

Respectfully submitted,

*s/ Bernard L. Egozi*
Bernard L. Egozi (Florida Bar No. 152544)
begozi@egozilaw.com
Isaac S. Lew (Florida Bar No. 92833)
ilew@egozilaw.com
EGOZI & BENNETT, P.A.
2999 NE 191 Street, Suite 407
Aventura, Florida 33180
Telephone: (305) 931-3000

*Counsel for Defendants*

John M. Riccione, Esq. (Florida Bar No. 826057)
jriccione@taftlaw.com
Taft Stettinius & Hollister LLP
111 E. Wacker Drive, Suite 2800
Chicago, Illinois 60601-3713
Telephone: (312) 527-4000
Fax: (312) 966.8563

*Co-Counsel for Northside Imports, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by e-mail through the CM/ECF system this 31st day of August, 2017, on all counsel of record on the service list below.

*s/ Bernard L. Egozi*

**Service List**

**Jamie H. Zidell, Esq.**
zabogado@aol.com
**Neil Tobak, Esq.**
ntobak.zidellpa@gmail.com
**Rivkah Jaff, Esq.**
rivkah.jaff@gmail.com
J.H. ZIDELL, PA
300 71st St., Ste. 605
Miami Beach, FL 33141
Telephone: (305) 865-6766
Fax: (305) 865-7167

*Counsel for Plaintiff*