United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Clemente Morejon Escandell, Plaintiff, <br><br> v. <br><br> Northside Imports, Inc., and others, Defendants. | ) <br> ) <br> ) <br> ) Civil Action No. 17-22972-Civ-Scola <br> ) <br> ) <br> ) |

**Order Granting Motion to Set Aside Default**

 This matter is before the Court on the Defendants' motion to set aside the Clerk's default that was entered against them on November 9, 2017 for their failure to timely respond to the Plaintiff's statement of claim. (Mot., ECF No. 23.) On November 1, 2017, the Plaintiff filed a notice that the Defendants had failed to file a response to the statement of claim and requested that default be entered against the Defendants (ECF No. 17). On November 3, 2017, the Court entered an Order on Clerk's Default Procedure (ECF No. 18). On November 7, 2017, the Defendants filed their response to the statement of claim (ECF No. 19). On November 9, 2017, the Clerk entered default against the Defendants (ECF No. 22).

 "It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.,* 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (Moore, J.). A court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Avacion,* 88 F. 3d 948, 951 (11th Cir. 1996). "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court considers (1) whether the defaulting party presents a meritorious defense; (2) whether the default was culpable or willful; and (3) whether setting it aside would prejudice the adversary. *Id.*

 With the exception of their failure to file a response to the statement of claim, the Defendants have been actively defending this matter. The Defendants timely filed an Answer and Affirmative Defenses to the Complaint, jointly submitted a discovery and conference report together with the Plaintiff, have been actively participating in the discovery process, and recently participated in mediation. The only prejudice identified by the Plaintiff is that additional fees have been incurred in drafting and filing a response to the motion to set aside the default. (Resp. 5, ECF No. 30.) However, had the

Plaintiff simply notified the Defendants that the deadline to file a response to the statement of claim had lapsed rather than requesting that default be entered, he would not have had to incur fees in responding to the Defendants' motion to set aside the default. The Plaintiff has not identified any prejudice due to the delay in the filing of the Defendants' response to the statement of claim. *See Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1357 (11th Cir. 2009) ("the inquiry is whether prejudice results from the *delay* . . .") (emphasis in original) (citations omitted).

Although the culpability and willfulness factor do not lean in the Defendants' favor, the degree is not great. This is not a situation in which the Defendants were provided multiple opportunities to file a response to the statement of claim but failed to do so, since neither the Plaintiff nor the Court ever notified the Defendants that the deadline to file a response to the statement of claim had passed. *See Compania Interamericana Export-Import, S.A.*, 88 F.3d at 952 ("Most failures to follow court orders are not 'willful' in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful.") The Defendants quickly filed their response after the Plaintiff requested that default be entered against them; indeed, the response was filed before the Clerk entered the default.

Accordingly, the Court **grants** the Defendants' motion to set aside the Clerk's entry of default (**ECF No. 23**).

**Done and ordered** at Miami, Florida on November 29, 2017.

_____
Robert N. Scola, Jr.
United States District Judge