United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Clemente Morejon Escandell, Plaintiff, <br> v. <br> Northside Imports, Inc., and others, Defendants. | ) ) ) ) Civil Action No. 17-22972-Civ-Scola ) ) ) |

## Sanctions Order

Previously, the Court required the parties to mediate this case. (Order of Referral to Mediation, ECF No. 14.) Specifically, the Court's Order stated that "the appearance of counsel and each party or representatives of each party . . . is mandatory." (*Id.* ¶ 5.) The Court cautioned the parties that it "may impose sanctions against parties . . . who do not comply with the attendance . . . requirements." (*Id.* ¶ 8.)

Defendant Eugene Velasco did not attend the mediation on November 27, 2017. (Mediation Report, ECF No. 32.) The Court ordered Velasco to show cause why he should not be sanctioned for failing to appear at the mediation. (Order to Show Cause, ECF No. 35.) Velasco's response explained that the mediation was scheduled on an expedited basis and that Velasco was out of town on a pre-planned trip "that everyone was told about weeks earlier at his deposition." (Resp. 2, ECF No. 36.) Velasco argues that his "inability to attend mediation was not a willful act and was out of his control as he did not participate in the quick scheduling of the mediation." (*Id.*) However, whether Velasco's failure to attend mediation was his fault or his counsel's fault, the Court's Order of Referral to Mediation and Local Rule 16.2 unambiguously require an individual defendant to be physically present at the mediation. If Velasco's counsel knew that he was unavailable on November 27, 2017, then counsel should not have scheduled mediation for that date. The deadline to complete mediation is January 23, 2018, and thus there was ample time to schedule mediation for a date on which Velasco was available.

The reason the Court requires parties to be physically present at the mediation conference is to facilitate the settlement process. It is not enough for a party to send his attorney to the mediation with settlement authority, or for a party to be available to answer phone calls from his attorney during mediation. The value of mediation is that it allows the parties to reconsider their positions, after reevaluating the strengths and weaknesses of their case and their opponent's. This process helps parties to move off their predetermined settlement parameters and toward settlement.

The Court finds that Velasco disregarded this Court's Order of Referral to Mediation (ECF No. 14) and Local Rule 16.2(e) by failing to attend the mediation conference. The Court orders the parties to participate in a second mediation on or before **January 23, 2018**. Velasco and/or his counsel shall bear the full cost of the second mediation. On or before **December 21, 2017**, Velasco must file a Proposed Order Scheduling Second Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation. The second mediation must be conducted consistent with the parameters and instructions in the Court's Order of Referral to Mediation and Local Rule 16.2(e).

**Done and ordered** in chambers at Miami, Florida on December 7, 2017.

_____
Robert N. Scola, Jr.
United States District Judge